LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
    *michle.johnson@lw.com*
  Kristin N. Murphy (Bar No. 268285)
    *kristin.murphy@lw.com*
  Jordan D. Cook (Bar No. 293394)
    *jordan.cook@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California  92626-1925
Telephone:  +1.714.540.1235
Facsimile:  +1.714.755.8290

*Attorneys for Defendants*
*Jordan Vogel, Aaron Feldman, Eduardo*
*Abush, David Amsterdam, and Ayi Savar*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FARADAY FUTURE INTELLIGENT ELECTRIC INC. DERIVATIVE LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 2:22-cv-01570 CAS (JCx)<br>Consolidated with<br>Case No. 2:22-cv-01852 CAS (JCx)<br><br>**PSAC DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS VERIFIED CONSOLIDATED AMENDED SHAREHOLDER DERIVATIVE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   January 22, 2024<br>Time:   10:00 a.m.<br>Courtroom:  8D<br>Judge:   Hon. Christina A. Snyder<br><br>Complaint Filed:  March 8, 2022 |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 22, 2024 at 10:00 a.m., or at such later date and time as the Court may order, in the Courtroom of the Honorable Christina A. Snyder, Courtroom 8D, United States District Court, Central District of California, located at 350 W. 1st Street, 8th Floor, Los Angeles, California 90012, Defendants Jordan Vogel, Aaron Feldman, Eduardo Abush, David Amsterdam, and Avi Savar (collectively, the "PSAC Defendants") will, and hereby do, move for an Order dismissing the Verified Consolidated Amended Shareholder Derivative Complaint ("Amended Complaint" or "AC"), dated June 2, 2023 (ECF No. 29).  This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that the Complaint fails to state a claim upon which relief can be granted.  The PSAC Defendants join in Nominal Defendant Faraday Future Intelligent Electric Inc.'s Motion to Dismiss Verified Consolidated Amended Derivative Complaint (the "Faraday Motion").

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 8, 2023, and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Defendants' Request for Judicial Notice, the Declaration of Kristin N. Murphy and exhibits, the Court's record on this matter, the arguments of counsel, and other evidence and argument that may be presented prior to the Court's decision.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

Dated:  September 15, 2023

Respectfully submitted,

LATHAM & WATKINS LLP
   Michele D. Johnson
   Kristin N. Murphy
   Jordan D. Cook

By */s/ Kristin N. Murphy*
   Kristin N. Murphy

*Attorneys for Defendants*
*Jordan Vogel, Aaron Feldman,*
*Eduardo Abush, David Amsterdam,*
*and Avi Savar*

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................... 1

II.     BACKGROUND .................................................................................. 3

     A.     PSAC Forms and Goes Public for the Purpose of Pursuing a Business Combination ................................................. 3

     B.     PSAC Evaluates Over 40 Potential Targets and Agrees to Merge with Legacy Faraday ................................................. 4

     C.     PSAC Provides Risk Factors Pertinent to the Merger ...................... 4

     D.     Plaintiffs File This Lawsuit............................................................ 6

III.    ARGUMENT ..................................................................................... 7

     A.     Plaintiffs Lack Standing to Bring Derivative Claims Against the PSAC Defendants ................................................. 7

     B.     Courts Have Already Held That These Claims Are Direct ................ 8

     C.     The Alleged Breaches of Fiduciary Duty Are Already Being Pursued in Delaware and Should be Dismissed ...................... 9

     D.     Plaintiffs' Other Claims Against the PSAC Defendants Also Fail ............................................................................... 12

IV.     CONCLUSION ................................................................................. 14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ark. Teacher Ret. Sys. v. Countrywide Fin. Corp.*,
75 A.3d 888 (Del. 2013) ............................................................................................. 8

*Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*,
571 U.S. 49 (2013) ..................................................................................................... 10

*Berg v. First Am. Bankshares, Inc.*,
576 F. Supp. 1239 (S.D.N.Y. 1983) ......................................................................... 12

*Braasch v. Goldschmidt*,
199 A.2d 760 (Del. Ch. 1964) ..................................................................................... 8

*Brookfield Asset Mgmt., Inc. v. Rosson*,
261 A.3d 1251 (Del. 2021) .......................................................................................... 9

*In re CarLotz, Inc. Sec. Litig.*,
2023 WL 2744064 (S.D.N.Y. Mar. 31, 2023) ............................................................ 7

*Colo. River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976) ................................................................................................... 11

*Conrad v. Blank*,
940 A.2d 28 (Del. Ch. 2007) ....................................................................................... 7

*In re CytRx Corp. S'holder Derivative Litig.*,
2015 WL 12745084 (C.D. Cal. Jan. 8, 2015) ........................................................... 11

*DCML LLC v. Danka Bus. Sys. PLC*,
2008 WL 5069528 (S.D.N.Y. Nov. 26, 2008) ............................................................ 7

*Delman v. GigAcquisitions3, LLC*,
288 A.3d 692 (Del. Ch. 2023) ..................................................................................... 9

*DiBattista v. Greco*,
2021 WL 327399 (D. Del. Jan. 31, 2021) ................................................................. 13

*In re Doorman Prop. Maint.*,
2017 WL 90332 (Bankr. N.D. Cal. Jan. 10, 2017) ................................................... 13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

ii

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

*Esa v. NortonLifeLock, Inc.*,
　2022 WL 14002189 (9th Cir. Oct. 24, 2022) ........................................................ 10

*Ocegueda ex rel. Facebook v. Zuckerberg*,
　526 F. Supp. 3d 637 (N.D. Cal. 2021) ................................................................ 10

*Feuer v. Dauman*,
　2017 WL 4817427 (Del. Ch. Oct. 25, 2017), *aff'd sub nom. Feuer ex rel.
　Viacom, Inc. v. Dauman*, 187 A.3d 551 (Del. 2018) ............................................ 8

*Kaplan v. Bennett*,
　465 F. Supp. 555 (S.D.N.Y. 1979) .................................................................... 12

*Lewis v. Anderson*,
　477 A.2d 1040 (Del. 1984) ............................................................................... 8

*McCreary v. Celara Corp.*,
　2011 WL 1399263 (N.D. Cal. Apr. 13, 2011) ....................................................... 12

*In re MRV Commc'ns, Inc. Derivative Litig.*,
　2010 WL 5313442 (C.D. Cal. Dec. 27, 2010) ....................................................... 13

*In re MultiPlan Corp. S'holders Litig.*,
　268 A.3d 784 (Del. Ch. 2022) ............................................................................ 9

*Pinto v. Arlo Techs., Inc.*,
　2022 WL 3155411 (N.D. Cal. Aug. 8, 2022) ........................................................ 13

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
　656 F.3d 966 (9th Cir. 2011) ............................................................................. 11

*Urdan v. WR Cap. Partners, LLC*,
　2019 WL 3891720 (Del. Ch. Aug. 19, 2019), *aff'd*, 244 A.3d 668 (Del. 2020) . 7

*In re Verisign, Inc., Derivative Litig.*,
　531 F. Supp. 2d 1173 (N.D. Cal. 2007) ............................................................... 11

*Zhou v. Faraday Future Intelligent Electric, Inc., et al.*,
　No. 2:21-cv-09914 (C.D. Cal. Oct. 20, 2022), ECF No. 64 ............................. 6, 8

**RULES**

Fed. R. Civ. P. 23.1 ............................................................................................. 2

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

iii

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

## I.    INTRODUCTION

This action purports to bring derivative claims against a host of defendants based on a wide range of theories.  One group of those defendants consists of the board members of Property Solutions Acquisition Corporation ("PSAC"), a special acquisition corporation ("SPAC").[1]  Like other SPACs, PSAC had no operations; its sole purpose as a public company was to identify and acquire a private company that would then become publicly traded.  That is what happened here – PSAC, in a months-long process, considered more than 40 potential merger targets to potentially take public.  One promising target it identified was FF Intelligent Mobility Global Holdings, Ltd. ("Legacy Faraday"), a designer and manufacturer of advanced electric vehicles.  After significant due diligence, negotiations, and deliberations, on July 20, 2021, PSAC fulfilled its purpose, with PSAC's stockholders approving a merger with Legacy Faraday (the "Merger").  The combined company was renamed Faraday Future Intelligent Electric Inc. ("Faraday") and began trading on the NASDAQ stock market on July 22, 2021.  Only one director of PSAC, Jordan Vogel, served on the Faraday board post-closing.

Plaintiffs' Verified Consolidated Amended Shareholder Derivative Complaint (the "Amended Complaint" or "AC") is a follow-on derivative suit that purports to advance claims on behalf of Faraday against a number of differently situated individuals.  The Amended Complaint copies and pastes nearly all of its PSAC-related allegations from two other lawsuits – (1) *Zhou v. Faraday Future Intelligent Electric, Inc., et al.*, No. 2:21-cv-09914 (C.D. Cal.) (the "Federal Securities Action") and (2) *In re Faraday Future Intelligent Electric Inc. Stockholder Litigation*, C.A. No. 2022-0845-LWW (Del. Ch.) (the "Delaware Direct Action").  The PSAC Defendants join in the brief of Nominal Defendant

[1] The PSAC Board consisted of Defendants Eduardo Abush, David Amsterdam, Aaron Feldman, Avi Savar, and Jordan Vogel (together, the "PSAC Defendants").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

Faraday and agree that dismissal is appropriate under Federal Rule of Civil Procedure 23.1 for failure to make a pre-suit demand and to plead demand futility.

The PSAC Defendants also file this separate brief because there is no legal basis for any derivative claim against them. To start, Plaintiffs here have no standing. Four of the five PSAC defendants were only ever directors of the SPAC, not of public (or private) Faraday, and no plaintiff here is alleged to have been a stockholder of *PSAC*. And even if they held stock at one time, PSAC no longer exists: this case is being brought on behalf of post-merger Faraday, by stockholders of Faraday, in which no PSAC Defendant other than Jordan Vogel ever had any role. And Faraday has already released all claims against Mr. Vogel related to his service as an independent director, so there can be no derivative claim against him. The claims against the PSAC Defendants thus make little sense, and more importantly have no basis in the law.

Even if these stockholders *had* owned stock in the SPAC and had standing, their claims still fail. Courts (including this one) have already held that claims nearly identical to those advanced here are direct, not derivative. And the direct breach of fiduciary duty claims are already being pursued against the PSAC Defendants in Delaware, which is the appropriate forum for those allegations to be litigated: PSAC's Certificate of Incorporation contains a forum selection bylaw that requires state law claims, like these ones, to be filed in Delaware. This case should be dismissed in favor of the Delaware Direct Action, or at minimum stayed to avoid piecemeal litigation and preserve judicial economy.

Finally, Plaintiffs' other claims – unjust enrichment, abuse of control, gross mismanagement, and contribution – all fail as a matter of law against the PSAC Defendants because there is no well-pled allegation that any of them participated in any wrongdoing with respect to Faraday.

Plaintiffs' Amended Complaint against the PSAC Defendants must be dismissed.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

## II.   BACKGROUND[2]

### A.   PSAC Forms and Goes Public for the Purpose of Pursuing a Business Combination

On February 11, 2020, PSAC incorporated as a SPAC "for the purpose of entering into a merger or other similar business combination with one or more businesses or entities."  AC ¶ 167.  PSAC had no business operations other than pursuing a business combination, as described in the IPO Prospectus.  Ex. 1 (PSAC IPO Prospectus, July 22, 2020, PSAC Form 424(b)(4)[3]) at 1.  PSAC closed its initial public offering ("IPO") on July 24, 2020, and its stock began trading on the New York Stock Exchange.  AC ¶ 4.

Defendants Jordan Vogel, Aaron Feldman, David Amsterdam, Avi Savar, and Eduardo Abush comprised PSAC's Board of Directors.  *Id*. ¶¶ 62, 66, 72, 74, 94.  Mr. Vogel was PSAC's Chairman, Co-CEO and Secretary from its inception through the closing of the Merger and is the only PSAC Defendant who served as a member of Faraday's board of directors after the Merger, including serving as its Lead Independent Director.  AC ¶ 62.  Mr. Vogel resigned from Faraday's board of directors in October 2022 and entered into a settlement and release with Faraday.  *Id.*; Ex. 2 (Mutual Release, Sept. 26, 2022, Faraday Form 8-K, Exhibit 10.2); Ex. 3 (Oct. 6, 2022, Faraday Form 8-K) at 1.  Mr. Feldman was a director on PSAC's board of directors and served as its Co-CEO (with Mr. Vogel) and Treasurer from its inception until the closing of the Merger.  AC ¶ 66.  Defendants Mr. Amsterdam, Mr. Savar, and Mr. Abush were the independent directors of PSAC.

---

[2] The PSAC Defendants join in the Faraday Motion and incorporate the Statement of Facts herein.

[3] The "IPO Prospectus" refers to the Form 424(b)(4) filed by PSAC with the SEC on July 22, 2020 in connection with PSAC's Initial Public Offering.  AC ¶ 4.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

**B.** **PSAC Evaluates Over 40 Potential Targets and Agrees to Merge with Legacy Faraday**

Following PSAC's IPO, "PSAC's officers and directors identified and met with over 40 potential target businesses from a wide range of industry segments and had in person and/or virtual and telephonic meetings with many target management teams, owners, and their representatives." Ex. 4 (June 23, 2021, PSAC Amendment No. 3 to Registration Statement on Form S-4) at 81. PSAC was introduced to Legacy Faraday in October 2020 and proceeded to conduct due diligence over the following months. *Id.* at 82-87. As with any diligence, PSAC's diligence was limited to reviewing information provided by Legacy Faraday, and PSAC expressly warned its stockholders that "this diligence may not surface all material issues that may be present with [Legacy Faraday's] business." *Id*. at 56. As PSAC explained when announcing the Merger, PSAC believed that Faraday was "a unique and differentiated electric vehicle company with significant growth prospects for the future," with a strong management team that will allow Faraday "to reach its true growth potential." Ex. 5 (Merger Press Release, Jan. 28, 2021, PSAC Form 8-K, Exhibit 99.1[4]) at 2.

**C.** **PSAC Provides Risk Factors Pertinent to the Merger**

On January 28, 2021, PSAC announced it had entered into a definitive agreement to merge with Legacy Faraday. AC ¶ 170. The agreement with Legacy Faraday was "the result of an extensive search for a potential transaction and business combination utilizing the network and investing and transaction experience of PSAC's management team." Ex. 4 (June 23, 2021, PSAC Amendment No. 3 to Registration Statement on Form S-4) at 81. On April 5, 2021, PSAC filed its Form S-4 with the SEC, which provided investors with details about the proposed combination between PSAC and Legacy Faraday. As

---

[4] The "Merger Press Release" refers to the press release by PSAC and Legacy Faraday on January 28, 2021 announcing the parties' agreement to merge. AC ¶ 6.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

4

amended, the Form S-4 (the "PSAC Registration Statement") disclosed that Legacy Faraday "does not have experience manufacturing vehicles" and that, as of June 23, 2021, the company had "not yet commenced production of any model and ha[d] not yet recognized any revenue."  Ex. 4 (June 23, 2021, PSAC Amendment No. 3 to Registration Statement on Form S-4) at 33-34.

The PSAC Registration Statement further disclosed a detailed list of "risks, uncertainties, and events that may cause actual results to differ materially from the expectations described by PSAC or [Legacy Faraday]," *id.* at 29, including:

- "[T]here may be events in the future that PSAC is not able to predict accurately or over which it has no control . . . including among other things . . . *[Legacy Faraday's] ability to execute on its plans to develop and market is vehicles and the timing of these development programs*."  *Id.* (emphasis added).

- *"[Legacy Faraday's] vehicles are in development and its first vehicle may not be available for sale within twelve months after closing of the Business Combination, if at all. . . . Although [Legacy Faraday] plans to commence commercial sales of its first vehicle, FF 91 series, within twelve months after closing of the Business Combination, it may experience significant delays due to reasons such as lack of funding, supply shortages, design defects, talent gaps, and/or force majeure."*  *Id.* at 34 (emphasis added).

- "*There can be no assurances that [Legacy Faraday's] suppliers will be able to meet the technological requirements, production timing, and volume requirements needed to support [Legacy Faraday's] business plan*.  *Id.* at 37 (emphasis added).

These and other risks to Faraday's business were expressly disclosed to PSAC's investors.  The Merger closed on July 21, 2021, nine months before PSAC was required to consummate an acquisition or wind up operations.  AC ¶¶ 170, 292.  Following the completion of the Merger, the combined company became known as Faraday Future Intelligent Electric Inc.  *Id.* ¶¶ 6-7.  One of the PSAC Directors—Jordan Vogel—then joined Faraday's Board.  *Id.* ¶ 65.  After the

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

special committee investigation – discussed at length in the Faraday Motion – Mr. Vogel was appointed Lead Independent Director of the Faraday Board. *Id.* ¶ 62. Mr. Vogel's appointment was part of remedial actions proposed by the special committee. *Id.* ¶ 247. *Id.* Later that year, on October 3, 2022, Mr. Vogel resigned from the Faraday Board. *Id.* ¶ 265. Upon his resignation, Mr. Vogel entered into a settlement and release with Faraday. *Id.*

### D.     Plaintiffs File This Lawsuit

Various plaintiffs have filed other lawsuits in Delaware and California, including the Federal Securities Action and Delaware Direct Action, both before and after this Action was filed. *See* Faraday Mot. at 10-11.

Here, Plaintiffs' original complaint was based largely on the allegations of the Federal Securities Action, and focused on the Reservations Statement, statements about Faraday's future production schedule, and Faraday's internal controls. On October 20, 2022, this Court dismissed the claims as to three of the five PSAC Defendants (Mr. Amsterdam, Mr. Abush, and Mr. Savar). The Court also dismissed all allegedly false and misleading statements except the Reservations Statement. Federal Securities Action ECF No. 64 at 18. With respect to the Section 14(a) claim, the Court allowed the claim to proceed on an omissions theory against the PSAC Defendants, holding that omitting additional details about Faraday's reservations was potentially false and misleading. *Id.* at 25. This Court also held that the Section 14(a) claim was properly brought as a direct claim, not a derivative claim. *Id.* at 20.

Plaintiffs' Amended Complaint, filed May 31, 2023, was filed after the Delaware Direct Action was consolidated and incorporates many of the same factual allegations as the Delaware Direct Action. In fact, over 40 of the Amended Complaint's paragraphs are substantially similar to the complaint in the Delaware Direct Action. Motions to dismiss are currently pending in the Delaware Direct

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

6

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

Action.  *See* Delaware Direct Action Trans. ID 69756626, 69742127, 69758012, 69759206, 69758393, 69759475.

## III.   ARGUMENT

### A.   Plaintiffs Lack Standing to Bring Derivative Claims Against the PSAC Defendants

Plaintiffs must own stock in a company to bring a derivative claim on behalf of that company.  *See, e.g., Urdan v. WR Cap. Partners, LLC*, 2019 WL 3891720, at *8 (Del. Ch. Aug. 19, 2019), *aff'd*, 244 A.3d 668 (Del. 2020) ("The right to sue derivatively is a property right associated with share ownership.").  "Section 327 of the DGCL requires a stockholder filing a derivative suit to allege that she held stock at the time of the transaction in question . . . [t]he stockholder must also continue to hold stock throughout the litigation."  *Conrad v. Blank*, 940 A.2d 28, 41 (Del. Ch. 2007) (dismissing derivative claims related to transactions pre-dating plaintiff's stock ownership).  Here, neither of the named plaintiffs pleads that he ever owned PSAC stock prior to the Merger.  AC ¶¶ 48-49 (alleging that Plaintiffs are current owners of *Faraday* stock, and that they have owned that stock "at all relevant times").  Therefore, as a matter of law, Plaintiffs do not have standing to bring a derivative claim for any pre-Merger conduct—including any claims based on purported disclosure violations. *See DCML LLC v. Danka Bus. Sys. PLC*, 2008 WL 5069528, at *2 (S.D.N.Y. Nov. 26, 2008) ("It is generally accepted that only shareholders who were entitled to vote on a transaction have standing under section 14(a) to challenge the proxy materials issued by a corporation regarding that transaction."); *In re CarLotz, Inc. Sec. Litig.*, 2023 WL 2744064, at *4 (S.D.N.Y. Mar. 31, 2023) (declining to hold pre-merger SPAC liable for purported misstatements about the pre-merger target because "as a legal matter, the post-merger entity" is not "interchangeable with the pre-merger, privately held company").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

7

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

Even if Plaintiffs did plead they own PSAC stock (and they do not), they still do not have standing and fail as a matter of law because any derivative liability would have been extinguished at the time the Merger was complete. *See, e.g., Lewis v. Anderson*, 477 A.2d 1040, 1047 (Del. 1984) ("[T]hrough merger, the derivative standing of former shareholders of a merged corporation to pursue pre-merger claims against their former officers and directors is lost.") (citing *Braasch v. Goldschmidt*, 199 A.2d 760, 767 (Del. Ch. 1964)); *Ark. Teacher Ret. Sys. v. Countrywide Fin. Corp.*, 75 A.3d 888, 894 (Del. 2013) ("The original plaintiff loses standing to maintain the derivative action because, as a consequence of the merger, the original derivative shareholder plaintiff can no longer satisfy the continuous ownership requirement.").

One director – Jordan Vogel – did serve as a board member of post-merger Faraday up until his resignation in October 2022. However, Plaintiffs' claims must be dismissed against him, as well, because Faraday and Mr. Vogel entered into an agreement by which Faraday released him from any claims during his time on the Faraday board of directors. Ex. 2 (Mutual Release, Sept. 26, 2022, Faraday Form 8-K, Exhibit 10.2) at 3-4; Ex. 3 (Oct. 6, 2022 Faraday Form 8-K) at 1; *see also Feuer v. Dauman*, 2017 WL 4817427, at *1 (Del. Ch. Oct. 25, 2017), *aff'd sub nom. Feuer ex rel. Viacom, Inc. v. Dauman*, 187 A.3d 551 (Del. 2018) (dismissing derivative claims against individual directors with prejudice "because the claims asserted in the complaint were released as part of a settlement agreement [nominal defendant] entered in").

**B.    Courts Have Already Held That These Claims Are Direct**

Two courts—including this one—have already determined that the claims against the PSAC Defendants are *direct* in nature, not derivative. In the Federal Securities Action, this Court held that "plaintiffs allege that defendants' representations deprived them of their right to make a fully informed vote" and, therefore, concluded that "the Section 14(a) claim is direct." Federal Securities

Action ECF No. 64 at 20.  That Section 14(a) claim—which is virtually identical to the one here—is being resolved in the pending settlement of the Federal Securities Action.

And likewise, with respect to the breach of fiduciary duty claims, the Delaware Chancery Court explained in *Multiplan* that redemption rights (i.e., the right to choose to redeem the stock for $10, rather than to take stock in the new combined company) are the central form of protection for stockholders for claims—and claims based on interference with that right are direct, not derivative. *In re MultiPlan Corp. S'holders Litig.*, 268 A.3d 784, 801-02 (Del. Ch. 2022) (holding redemption right did not run to the company, but rather individual SPAC shareholders prior to the transaction, and therefore were inappropriate in a derivative action); *Delman v. GigAcquisitions3, LLC*, 288 A.3d 692, 709 (Del. Ch. 2023) (same).  And while Plaintiff here purports to label the relevant allegations as "overpayment misconduct" to better align it with derivative case law, Plaintiffs' say-so does not transform the nature of these allegations—they are the very same ones being litigated in the Delaware Direct Action.  *See infra* Section III.C; *supra* at 6.  It is not allowed, as a matter of law, to bring both a direct and derivative claim involving the same claim and conduct and, therefore, the Section 14(a) and fiduciary duty claims here should be dismissed.  *See, e.g.*, *Brookfield Asset Mgmt., Inc. v. Rosson*, 261 A.3d 1251, 1277 (Del. 2021) (holding that "the double recovery rule does not permit both the direct and derivative claimants to recover for that single injury").

**C.     The Alleged Breaches of Fiduciary Duty Are Already Being Pursued in Delaware and Should be Dismissed**

Setting aside the other threshold defects, Plaintiffs have chosen the wrong forum for their claims.  Plaintiffs allege a series of Delaware state law claims against the PSAC Defendants, including claims for breach of various fiduciary duties.  *See, e.g.*, AC ¶¶ 369-383.  These claims are already being litigated in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

9

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

Delaware Chancery Court (where they belong), and should be dismissed here. At the very least, this case should be stayed pending the outcome of the Delaware Direct Action.

***PSAC's Forum Selection Clause Requires Dismissal.*** PSAC's Amended and Restated Certificate of Incorporation contains an enforceable forum-selection clause that designates the Delaware Court of Chancery as the "sole and exclusive forum for . . . any action asserting a claim of breach of fiduciary duty owed by any director, officer or other employee of the Corporation." Ex. 6 (July 24, 2020, Faraday Form 8-K, Exhibit 3.1) at 5. "Courts enforce a forum-selection clause through the doctrine of forum non conveniens." *Ocegueda ex rel. Facebook v. Zuckerberg*, 526 F. Supp. 3d 637, 648 (N.D. Cal. 2021) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 61 (2013)). District courts have the authority to sever claims under Federal Rule of Civil Procedure 21. *Esa v. NortonLifeLock, Inc.*, 2022 WL 14002189, at *1 n.1 (9th Cir. Oct. 24, 2022). Thus, the proper procedure when faced with a valid forum-selection clause is to sever any claims subject to that forum-selection clause and then dismiss them on *forum non conveniens* grounds. *See, e.g.*, *id.* at *1–2 (district court properly severed and dismissed state-law claims on *forum non conveniens* grounds based on bylaws' forum-selection clause requiring derivative actions be filed in Delaware state court).

Here, Plaintiffs assert breach of fiduciary duty and other Delaware state law claims against PSAC, as well as claims under the Exchange Act. Setting aside that Plaintiffs have no standing to sue the PSAC Defendants for breach of fiduciary duty at all, their breach of fiduciary duty claims (and all other state law claims, discussed below) should be severed and dismissed based on PSAC's valid forum selection clause, as there are no "exceptional circumstances" that dictate otherwise. *See Ocegueda*, 526 F. Supp. 3d at 648 (A valid forum selection clause must be

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

10

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

"given weight in all but the most exceptional circumstances.") (citing *Atl. Marine*, 571 U.S. at 63).

***Alternatively, this case should be stayed.*** At minimum, the fiduciary duty claims here should be stayed while the PSAC Defendants and Faraday litigate the Delaware Direct Action to avoid piecemeal litigation and potentially harmful inconsistent rulings. Federal courts may stay an action where there is a concurrent state proceeding "for reasons of wise judicial administration." *See In re CytRx Corp. S'holder Derivative Litig.*, 2015 WL 12745084, at *3 (C.D. Cal. Jan. 8, 2015) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). In evaluating whether to apply a stay, the Ninth Circuit evaluates eight factors: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtain jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *Id.* (quoting *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011). Although abstention is proper only in "exceptional" circumstances, Central District judges have held that "derivative lawsuits present the kind of exceptional circumstances which would result in 'special concern about piecemeal litigation.'" *Id.* at *5 (citation omitted).

The relevant Ninth Circuit factors here weigh in favor of a stay. This is an inconvenient (and improper) forum – PSAC had a valid forum selection clause that should be enforced as to the breach of fiduciary duty and related state law claims to discourage this forum-shopping by Plaintiffs. *See supra* at 9-10. Further, PSAC is a Delaware corporation, and thus Delaware state law governs Plaintiffs' state law claims, including the breach of fiduciary duty claims. *In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1214–15 (N.D. Cal. 2007) ("[T]he law of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

11

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

the state of incorporation governs liabilities of officers or directors . . . .  Thus, Delaware law, the law of the state of [nominal defendant's] incorporation, applies to all causes of action . . . including the claims for breach of fiduciary duty, accounting, unjust enrichment, recission, constructive fraud, corporate waste, breach of contract, gross mismanagement, and restitution.").  There is also a significant risk of piecemeal litigation and inconsistent rulings if this case is allowed to proceed.  Plaintiffs' operative complaint pulls allegations and claims directly from the Delaware Direct Action, meaning a ruling there could conflict with rulings here.  *See McCreary v. Celara Corp.*, 2011 WL 1399263, at *4 (N.D. Cal. Apr. 13, 2011) (dismissing claim and holding that "[p]ermitting Plaintiff's claims to proceed in parallel with the Delaware action would waste significant judicial resources and create a serious risk of conflicting results that could impact thousands of shareholders).  Finally, there will also be significant issue preclusive effects of any ruling in Delaware, given the overlap with the claims here— including the Section 14(a) claim, which raises the very same disclosure issues as the breach of fiduciary duty claim in Delaware.  *Berg v. First Am. Bankshares, Inc.*, 576 F. Supp. 1239, 1244 (S.D.N.Y. 1983) (transferring Section 14(a) claims where "the legal issues involved in this action are now under test in the District of Columbia court, and because questions of claim and issue preclusion and of *res judicata* could be avoided by transfer"); *Kaplan v. Bennett*, 465 F. Supp. 555, 561 (S.D.N.Y. 1979) (holding Section 14(a) claim was precluded by another court's "dismiss[al] on the merits of [a separate] plaintiffs' claim that defendants violated section 14(a)" because this claim "involves the same issue").  If the Court elects not to dismiss the claims against the PSAC Defendants, this Action should at minimum be stayed pending resolution of the Delaware Direct Action.

### D.    Plaintiffs' Other Claims Against the PSAC Defendants Also Fail

Plaintiffs allege four other claims against the PSAC Defendants, all of which are based on alleged wrongdoing by Legacy Faraday or post-Merger Faraday, and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

12

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

are thus not attributable to any PSAC Defendant: unjust enrichment, abuse of control, gross mismanagement, contribution under Section 10(b) and 20D, all of which fail as a matter of law because Plaintiff never held PSAC stock. *See supra,* Section III.A.

Moreover, California courts applying Delaware law universally dismiss abuse of control and gross mismanagement claims on the basis that they are not recognized as independent causes of action. *See, e.g., In re MRV Commc'ns, Inc. Derivative Litig.*, 2010 WL 5313442, at *14 (C.D. Cal. Dec. 27, 2010) (granting motion to dismiss with prejudice because "based on Delaware law, this Court will not treat Plaintiffs' gross mismanagement [and] abuse of control . . . claims as separate torts"); *In re Doorman Prop. Maint.*, 2017 WL 90332, at *1 (Bankr. N.D. Cal. Jan. 10, 2017) (dismissing without leave to amend because "[a]buse of control may be an element of proof for a claim for breach of fiduciary duty, but does not give rise to an additional independent tort"). And finally, a contribution claim under Section 21D is premature and improper. Under Section 21D, Plaintiff only has a right to contribution if "final judgment is entered in the Securities Action" and if "the trier of fact 'specifically determines that [defendants] knowingly committed a violation of the securities laws.'" *DiBattista v. Greco*, 2021 WL 327399, at *7 (D. Del. Jan. 31, 2021) (citations omitted). Similarly, if a settlement is reached in the underlying securities case, "the settling party 'shall be discharged from all claims for contribution brought by other persons.'" *Pinto v. Arlo Techs., Inc.*, 2022 WL 3155411, at *3 (N.D. Cal. Aug. 8, 2022) (citation omitted) (dismissing claim for contribution pursuant to Sections 10(b) and 21D because "Plaintiff may not pursue a Section 21D claim for contribution from a settled party to a securities action"). As this Court knows, the parties are seeking court approval of a settlement in the Federal Securities Action. Until that settlement is finalized, Plaintiffs' claim is unripe and, once finalized, any claim for contribution is barred. *DiBattista,* 2021 WL 327399, at *7 ("Underscoring this reality is the fact that if

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

13

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

there is a settlement in the Securities Action, contribution claims against the settling parties would be barred.").

## IV.   CONCLUSION

For all of the reasons stated herein, Defendants respectfully request that the Amended Complaint be dismissed against the PSAC Defendants.

Dated:  September 15, 2023

Respectfully submitted,

LATHAM & WATKINS LLP
Michele D. Johnson
Kristin N. Murphy
Jordan D. Cook

By: /s/ *Kristin N. Murphy*
Kristin N. Murphy

*Attorneys for Defendants*
*Jordan Vogel, Aaron Feldman,*
*Eduardo Abush, David Amsterdam,*
*and Avi Savar*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

14

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Jordan Vogel, Aaron Feldman, Eduardo Abush, David Amsterdam, and Avi Savar certifies that this brief contains 4,286 words, which [choose one]:

    <u>X</u>  complies with the word limit of L.R. 11-6.1.

    \_\_\_\_  complies with the word limit set by court order dated [date].

Executed on September 15, 2023, in Costa Mesa, California.

LATHAM & WATKINS, LLP

By: /s/ *Kristin N. Murphy*
    Michele D. Johnson
    Kristin N. Murphy
    Jordan D. Cook

*Attorneys for Defendants*
*Jordan Vogel, Aaron Feldman, Eduardo Abush, David Amsterdam, and Avi Savar*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

15

Case No. 2:22-cv-01570 CAS (JCx)
PSAC DEFS' MOTION TO DISMISS CONSOLID.
AM. S'HOLDER DERIVATIVE COMPLAINT