1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10                                WESTERN DIVISION

11

12   IN RE FARADAY FUTURE                  Lead Case No.  2:22cv01570 CAS (JCx)
     INTELLIGENT ELECTRIC INC.             Consolidated with
13   DERIVATIVE LITIGATION                 Case No. 2:22cv01852 CAS (JCx)

14   _____

15   This Document Relates to:

16        ALL ACTIONS.

17

18

19              **PRELIMINARY APPROVAL ORDER**

20          Ashkan Farazmand and Wangjun Zhou (the "California Plaintiffs") in the

21   above-captioned action (the "California Action") pending in the United States

22   District Court for the Central District of California (the "Court") have made an

23   unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure,

24   for an order: (i) preliminarily approving the proposed settlement (the "Settlement")

25   of stockholder derivative claims brought on behalf of Faraday Future Intelligent

26   Electric Inc. ("Faraday" or the "Company"), in accordance with the Stipulation and

27   Agreement of Settlement dated July 19, 2024 (the "Stipulation"); (ii) approving the

28

form and manner of the notice of the Settlement to Current Faraday Stockholders; and (iii) setting a date for the Settlement Hearing.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to, a proposed Settlement and dismissal of the following stockholder derivative actions with prejudice: (i) the above-captioned action, titled *In re Faraday Future Intelligent Electric Inc. Derivative Litigation*, Lead Case No. 2:22-cv-01570-CAS-JC; (ii) *Wang v. Breitfeld et al.*, C.A. No. 1:22-cv-00525-GBW (D. Del.); (iii) *Moubarak v. Breitfeld et al.*, C.A. No. 1:22-cv-00467-GBW (D. Del.); (iv) *Wallace v. Krolicki et al.*, C.A. No. 2023-0639-LWW (Del. Ch.); and (v) *Farazmand v. Breitfeld et al.*, C.A. No. 2023-1283-LWW (Del. Ch.) (collectively, the "Derivative Actions");

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Stockholder Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all of the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Faraday and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Faraday stockholders should be apprised of the Settlement through the proposed

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the terms of the Settlement set forth therein.

2.      This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3.      A hearing shall be held on **November 4, 2024**, at **10:00 a.m.**, before the Honorable Christina A. Snyder, at the United States District Court for the Central District of California, Western Division, United States Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, California 90012 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice and Summary Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved; (v) whether Service Awards payable from the Fee and Expense Amount to the five Plaintiffs should be approved; and (vi) such other matters as the Court may deem appropriate.

4.      The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the

2

circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5.    Within ten (10) days after the entry of this Preliminary Approval Order, Faraday shall: (1) post a copy of the Notice and the Stipulation (and exhibits thereto) on the Investor Relations page of the Company's website; (2) publish the Summary Notice in a press release; and (3) file the Notice, with a copy of the Stipulation (and exhibits thereto), as exhibits to an SEC Form 8-K. The Notice shall provide a link to the Investor Relations page on Faraday's website where the Notice and Stipulation (and exhibits thereto) may be viewed, which page will be maintained through the date of the Settlement Hearing.

6.    All costs incurred in the filing, posting, and publication of the notice of the Settlement shall be paid by Faraday, and Faraday shall undertake all administrative responsibility for the filing, posting, and publication of the notice of the Settlement.

7.    Within twenty (20) days after the entry of this Preliminary Approval Order, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

8.    All Current Faraday Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Derivative Actions concerning the Settlement, whether favorable or unfavorable to Current Faraday Stockholders.

9.    Pending final determination of whether the Settlement should be approved, Plaintiffs and Faraday stockholders shall not commence, institute, or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

3

10.     Any stockholder of Faraday common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or Service Awards should not be awarded. However, no Faraday stockholder shall be heard or entitled to contest the approval of the Settlement, or, if approved, the Judgment to be entered thereon, unless that Faraday stockholder has caused to be filed, and served on counsel as noted below: (i) a written notice of objection with the case name and number (*In re Faraday Future Intelligent Electric Inc. Derivative Litigation*, Lead Case No. 2:22-cv-01570-CAS-JC (C.D. Cal.)); (ii) the Person's name, legal address, and telephone number; (iii) notice of whether such Person intends to appear at the Settlement Hearing and the reasons such Person desires to appear and be heard, and whether such Person is represented by counsel and if so, contact information for counsel; (iv) competent evidence that such Person held shares of Faraday common stock as of the date of the Stipulation and continues to hold such stock as of the date the objection is made, including the date(s) such shares were acquired; (v) a statement of objections to any matters before the Court, the grounds therefor, as well as all documents or writings such Person desires the Court to consider; and (vi) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their expected testimony.

11.     At least twenty-one (21) days prior to the Settlement Hearing set for November 4, 2024, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, United States District Court for the Central District of California, Western Division, United States Courthouse, 350 W. First Street, Suite 4311, Los Angeles, California 90012 and serve such materials by that date, on each of the following Parties' counsel:

4

*Counsel for Plaintiffs:*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

*Counsel for Defendants:*

**TROUTMAN PEPPER
HAMILTON SANDERS LLP**
Jay A. Dubow
Two Logan Square / 18th & Arch
Philadelphia, PA 19103
Telephone: (215) 891-4000
Email: jay.dubow@troutman.com

12.     Only stockholders who have filed with the Court and sent to the Parties' counsel valid and timely written notices of objection and notices of appearance will be entitled to be heard at the hearing unless the Court orders otherwise.

13.     Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14.     The California Plaintiffs shall file their motion for final approval of the Settlement at least twenty-eight (28) days prior to the Settlement Hearing. If there is any objection to the Settlement, the deadline for filings in response to the objection(s) is seven (7) days prior to the Settlement Hearing.

15.     All proceedings in the California Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

16.     This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Faraday stockholders.

5

17.     Neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever.

18.     The Court may, in its discretion, change the date and/or time of the Settlement Hearing without further notice to Current Faraday Stockholders and reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Current Faraday Stockholders. Any Current Faraday Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the Investor Relations page of Faraday's website for any change in the date, time, or format of the Settlement Hearing.

**IT IS SO ORDERED.**

DATED: September 3, 2024

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

6